CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 8 2005

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONELL J. BLOUNT, SR.,     )
                         )
      Plaintiff,            )     Civil Action No. 7:04CV00429
                         )
v.                       )     **MEMORANDUM OPINION**
                         )
GENE JOHNSON, et al.,      )     By: Hon. Glen E. Conrad
                         )     United States District Judge
      Defendants.        )

Donell J. Blount, Sr., a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Michael F. Urbanski made in accordance with 28 U.S.C. § 636(b). Magistrate Judge Urbanski recommends granting the defendants' motion for summary judgment in regard to Blount's claim for excessive force and denying the defendants' motion for summary judgment in regard to Blount's claim for the denial of his request for a common fare diet. The defendant has filed an objection to the magistrate judge's recommendation in regard to the plaintiff's common fare diet claim. For the reasons set forth below, the magistrate judge's recommendations are adopted in full. The defendants' motion for summary judgment shall be granted as to plaintiff's excessive force claim and denied as to plaintiff's common fare diet claim.

## BACKGROUND

The plaintiff is currently an inmate housed in the Virginia Department of Corrections system at Red Onion State Prison. Plaintiff had originally included five claims in his complaint. The court previously dismissed two of those claims, and the plaintiff himself dismissed another

claim. In the first of his two remaining claims, plaintiff alleges that defendants Fleming, Vanover, Grear, and Sutherland assaulted him on a back stairway at the prison. Blount apparently filed several informal complaints with regard to this incident. There is no evidence, however, that Blount filed a formal grievance or appeal regarding the alleged assault.

In his second claim, plaintiff alleges that he was improperly denied the common fare diet in violation of his right to the free exercise of his religion. Plaintiff claims that his religion, the House of Yahweh, requires him to follow the common fare diet. On April 18, 2004, Blount applied to prison officials and requested that he be placed on the common fare diet. After a hearing on May 11, 2004, plaintiff's request was approved by the Institutional Classification Authority and the warden of the prison. On June 2, 2004, after a Central Classification Services Review, plaintiff's request was disapproved for the following reason: "Subject's stated religious affiliation does not require the diet."

Plaintiff has produced a formal grievance form in which he protested the denial of his request for the common fare diet. Blount claims that this form was returned to him after he submitted it to prison officials. Those prison officials, however, contend that they have no record of ever having received plaintiff's formal grievance. The grievance form includes several marks in red ink pen, a color of pen which inmates are not permitted to possess.

The defendants filed this motion for summary judgment contending that plaintiff had failed to exhaust his administrative remedies as to both claims. After conducting an evidentiary hearing, the magistrate judge filed his Report and Recommendation in which he stated that plaintiff had failed to exhaust his remedies as to his excessive force claim but that there remained an issue of material fact with regard to whether plaintiff had properly exhausted his common fare

2

diet claim.

Specifically, the magistrate judge noted that the presence of the red marks on the grievance form submitted by plaintiff was puzzling in that inmates were prohibited from possessing red pens. The magistrate judge recommended that the issue of whether plaintiff properly exhausted the grievance process regarding his common fare diet claim remain an issue for the ultimate trier of fact in this case. The defendants have objected to the magistrate judge's Report and Recommendation to the extent that the magistrate judge recommended that the exhaustion question must be left for the ultimate trier of fact. The defendants request the court to remand the case to the magistrate judge with the direction that he resolve the issue of fact regarding the exhaustion of plaintiff's common fare diet claim.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation has no presumptive weight, and this court retains the responsibility to make a final determination. Id. at 270-71. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As a result, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

With regard to the defendants' motion for summary judgment, such a motion shall be granted if there are no "genuine issues as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party.

3

<u>Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.</u>, 763 F.2d 604, 610 (4th Cir. 1985).

## DISCUSSION

I.     <u>Claim for Excessive Force</u>

The defendants moved for summary judgment on the grounds that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[1]  The magistrate judge found that, although plaintiff filed three informal grievances regarding the alleged assault, there is no evidence to show he took any other steps to administratively exhaust this claim, including filing a formal grievance or appeal.  Therefore, the magistrate judge recommended that this claim be dismissed for want of exhaustion.

Blount has not filed an objection to this finding, therefore the court will adopt the Report and Recommendation of the magistrate judge that plaintiff has failed to exhaust his claim for excessive force.  <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 (4th Cir. 1985).  This claim will be dismissed without prejudice.  Blount may refile his claim following full exhaustion of whatever remedies are now available.  The court does note, however, the thirty day time limit for filing a regular grievance has now expired.  Nevertheless, plaintiff must follow all the grievance procedures required by prison officials to the point of exhaustion of these administrative remedies.  Only then might he have the opportunity to refile this § 1983 action.  <u>See</u> <u>Lawrence v. Virginia Dep't of Corrections</u>, 308 F. Supp. 2d 709, 718 n.14 (E.D. Va. 2004).

---

[1] The statute provides that:
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

4

## II.     Claim for Denial of Common Fare Diet

After his request to be placed on the common fare diet was denied, plaintiff claims he submitted a formal grievance form to prison officials on June 15, 2004. He also claims that his grievance form was returned to him on June 16, 2004 and that he filed an appeal on that date with the regional ombudsman. The defendants counter that prison officials show no record of having received either his formal grievance form or any appeal. As a result, the defendants claim that plaintiff failed to exhaust his administrative remedies regarding this claim as well.

During the hearing before the magistrate judge, plaintiff pointed out two sets of marks in red pen on the formal grievance form: (1) a circle around plaintiff's building and cell number, and (2) a check and a circle on the reverse side of the form indicating that plaintiff had failed to file an informal grievance regarding his common fair diet claim prior to filing his complaint. Apparently, for most claims, an informal grievance must be filed before a formal grievance will be considered. Blount also pointed out that inmates are not permitted to have red pens and that, therefore, the markings indicate that he did attempt to file a formal grievance and that some person in prison administration must have seen and marked on the form he submitted. Both parties agreed that plaintiff would have properly exhausted his administrative remedies with regard to the common fair diet claim had he filed a formal grievance, because no informal grievance was required by prison regulations for such a claim. Thus, as the magistrate judge indicated, the notation on the reverse side of the form was not correct.

Defendants filed an affidavit after the hearing in which a prison investigator stated that red pens are confiscated from prison inmates on a frequent basis, though he had never seen plaintiff with a red pen. Defendants also point out that plaintiff could have sent a document to

5

someone outside the prison who could have made the markings and returned the form to him. The magistrate judge determined that this dispute of material fact with regard to the issue of exhaustion precluded summary judgment and that the issue must be resolved by the ultimate trier of fact.[2] The defendants have filed an objection contending that the magistrate judge should have resolved the disputed issue himself based upon his determination of the credibility of the witnesses and evidence presented during and after the evidentiary hearing.

The defendants are correct that exhaustion issues may be decided at summary judgment. Furthermore, a magistrate judge may make a determination with regard to issues of credibility when a case has been referred to him for trial. A plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), however, is an affirmative defense that must be raised and pled by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005); Johnson v. Testman, 380 F.3d 691, 695 (2nd Cir. 2004). As such, the court disagrees with the defendants' contention that a genuine issue of material fact with regard to exhaustion should be resolved by the court and not by the ultimate trier of fact. To the contrary, the court finds that a genuine issue of material fact with regard to exhaustion of administrative remedies, as with other affirmative defenses, is an issue that is appropriately submitted to the trier of fact for resolution.[3]

Furthermore, at summary judgment, the court must take the facts in the light most

---

[2] Because neither party appears to have made a demand for a jury trial in this case, any remaining issues would be tried before the court.

[3] The court also notes that it could be argued that plaintiff has exhausted all "available" remedies through his application for the common fare diet and the administrative review of that application. The diet request had already been approved at all levels within the prison and was denied only at the Central Classification Services Review level. Thus, filing a formal grievance with prison officials who had no power to address that grievance might not be considered an "available" remedy. In any case, the parties did not address this issue nor will the court attempt to resolve it at this time.

6

favorable to, and draw any reasonable inferences in favor of, the nonmoving party, in this case, the plaintiff.  See Garofolov v. Donald B. Heslep Assoc., Inc., 405 F.3d 194, 198 (4th Cir. 2005). Here, the evidence regarding exhaustion is in dispute.[4]  Therefore, under the summary judgment standard, the court is unable to find that the defendants are entitled to summary judgment on the issue of failure to exhaust administrative remedies.  The court will adopt the Report and Recommendation of the magistrate judge that defendants' motion for summary judgment regarding the common fare diet claim be denied.  This matter shall be set for a bench trial on the issue of exhaustion as well as on the merits of plaintiff's claim that he was improperly denied the common fare diet.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and all counsel of record.

ENTER:    This __28th__ day of June, 2005.

_____
United States District Judge

---

[4] The court does note that it appears that plaintiff's claim of improper denial of the common fare diet remains ongoing.  Thus, it may well be that plaintiff could now file a grievance if he currently wishes to receive the common fare diet and has not been approved to do so.

7