CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 5 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONELL J. BLOUNT, SR.,  Civil Action No. 7:04CV00429
    Plaintiff,

                                     MEMORANDUM OPINION

v.

                                     By: Hon. Glen E. Conrad

GENE M. JOHNSON, et al.,  United States District Judge
    Defendants.

This case is presently before the court for consideration of the plaintiff's objection to the Report and Recommendation filed by United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. § 636(b). For the reasons that follow, the court will sustain the plaintiff's objection.

## Background

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff originally included five claims in his complaint. The court previously dismissed two of those claims, and the plaintiff voluntarily dismissed another claim. In the first of his two remaining claims, the plaintiff alleges that defendants Fleming, Vanover, Grear, and Sutherland assaulted him on a back stairway at the prison. In his second claim, the plaintiff alleges that he was improperly denied the common fare diet in violation of his right to the free exercise of religion. The defendants filed a motion for summary judgment, in which they contend that the plaintiff failed to exhaust his administrative remedies as to both claims.

After conducting an evidentiary hearing as to the exhaustion issue, the magistrate judge filed a Report and Recommendation, in which he recommends granting the defendants' motion for summary judgment with respect to the plaintiff's excessive force claim and denying the defendants' motion for summary judgment with respect to the plaintiff's common fare diet claim.

Although it is undisputed that the plaintiff filed informal complaints regarding the alleged assault, the magistrate judge determined that there is no evidence that the plaintiff filed a formal grievance or appeal. With regard to the plaintiff's common fare diet claim, the magistrate judge determined that there is a genuine issue of material fact as to whether the plaintiff exhausted his administrative remedies.

On June 28, 2005, the court issued an opinion and order adopting the magistrate judge's report in its entirety. Since the defendants objected to the magistrate judge's report with regard to the plaintiff's common fare diet claim, the court reviewed the claim de novo. The court ultimately agreed with the magistrate judge that a genuine issue of material fact exists as to whether the plaintiff exhausted his administrative remedies. The court concluded that the issue must be resolved by the trier of fact.[*] The court also adopted the magistrate judge's report with regard to the plaintiff's excessive force claim. The court noted that the plaintiff failed to file any objections to the report. See Wells v. Shriners Hospital, 109 F.3d 198, 199 (4th Cir. 1997) (failure to file written objections to the Report and Recommendation constitutes a waiver of the right to further contest those issues).

Upon receiving the court's opinion and order, the plaintiff filed a motion to alter or amend the judgment or for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff contended that he did not receive a copy of the magistrate judge's report, and that he was therefore unable to file any timely objections. By order entered August 2,

---

[*] The court noted that because neither party appears to have made a demand for a jury trial, any remaining issues would be tried before the court.

2

2005, the court gave the plaintiff an additional ten days to file any objections to the magistrate judge's report. The plaintiff filed an objection on August 11, 2005. Upon receiving the plaintiff's objection, the court entered an order permitting the defendants to file a response to the objection within ten days. As of this date, no response has been filed. Accordingly, the matter is ripe for consideration.

## Discussion

The plaintiff objects to the magistrate judge's determination that he failed to exhaust his administrative remedies as to his excessive force claim. The plaintiff alleges that after he received responses to his informal complaints, he filed a formal grievance regarding the alleged assault. When prison officials failed to respond to his formal grievance, he filed an appeal to the regional ombudsman. The plaintiff alleges that he received no response to his appeal. The plaintiff argues that he testified under oath as to these actions during the evidentiary hearing. The plaintiff also argues that he provided this information in a sworn affidavit filed on March 11, 2005, as well as in the verified statement submitted with his complaint.

Having considered the affidavit and the verified statement in the light most favorable to the plaintiff, the court concludes that a genuine issue of material fact exists as to whether the plaintiff exhausted his administrative remedies with regard to his excessive force claim. Therefore, as explained in the court's previous opinion, the issue must be resolved by the trier of fact. Accordingly, the defendants are not entitled to summary judgment as to this claim. See Fed. R. Civ. P. 56(c).

For the reasons stated, the plaintiff's objection is sustained. The court will vacate the opinion and order entered on June 28, 2005, to the extent that the court granted summary

3

judgment to the defendants as to the excessive force claim. The case shall be set for a bench trial on the issue of exhaustion as well as on the merits of the plaintiff's claims.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This \_\_14th\_\_ day of September, 2005.

                                                                                           /s/ Glen G. Conrad
                                                                        United States District Judge