CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 24 2005

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONELL J. BLOUNT, SR.,**<br>Plaintiff,<br><br>v.<br><br>**GENE M. JOHNSON, et al.,**<br>Defendants. | Civil Action No. 7:04CV00429<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

This case is presently before the court for consideration of the plaintiff's objection to the Report and Recommendation filed by United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. § 636(b). For the reasons that follow, the court will sustain the plaintiff's objection.

## BACKGROUND

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff originally included five claims in his complaint. The court previously dismissed two of those claims, and the plaintiff voluntarily dismissed another claim. In the first of his two remaining claims, the plaintiff alleges that defendants Fleming, Vanover, Grear, and Sutherland assaulted him on a back stairway at the prison. In his second claim, the plaintiff alleges that he was improperly denied the common fare diet in violation of his right to the free exercise of religion. The defendants filed a motion for summary judgment, in which they contend that the plaintiff failed to exhaust his administrative remedies as to both claims.

After conducting an evidentiary hearing on the exhaustion issue, the magistrate judge filed a Report and Recommendation, in which he recommends granting the defendants' motion for summary judgment with respect to the plaintiff's excessive force claim and denying the defendants' motion for summary judgment with respect to the plaintiff's common fare diet claim. Although it is undisputed that the plaintiff filed informal complaints regarding the alleged assault, the magistrate

judge determined that there is no evidence that the plaintiff filed a formal grievance or appeal. With regard to the plaintiff's common fare diet claim, the magistrate judge determined that there is a genuine issue of material fact as to whether the plaintiff exhausted his administrative remedies.

On June 28, 2005, the court issued an opinion and order adopting the magistrate judge's report in its entirety. Since the defendants objected to the magistrate judge's report with regard to the plaintiff's common fare diet claim, the court reviewed the claim de novo. The court ultimately agreed with the magistrate judge that a genuine issue of material fact exists as to whether the plaintiff exhausted his administrative remedies. The court concluded that the issue must be resolved by the trier of fact.[1] The court also adopted the magistrate judge's report with regard to the plaintiff's excessive force claim. The court noted that the plaintiff failed to file any objections to the report. See Wells v. Shriners Hospital, 109 F.3d 198, 199 (4th Cir. 1997) (failure to file written objections to the Report and Recommendation constitutes a waiver of the right to further contest those issues).

Upon receiving the court's opinion and order, the plaintiff filed a motion to alter or amend the judgment or for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff contended that he did not receive a copy of the magistrate judge's report, and that he was therefore unable to file any timely objections. By order entered August 2, 2005, the court gave the plaintiff an additional ten days to file any objections to the magistrate judge's report. The plaintiff subsequently filed an objection on August 11, 2005. Having received a response to the objection from the defendants, the objection is now ripe for consideration.

---

[1] The court noted that because neither party appears to have made a demand for a jury trial, any remaining issues would be tried before the court.

2

## DISCUSSION

The plaintiff objects to the magistrate judge's determination that he failed to exhaust his administrative remedies as to his excessive force claim. The plaintiff alleges that on May 5, 2004, he filed informal complaints regarding the alleged assault. After the plaintiff received responses to his informal complaints, he filed a formal grievance regarding the alleged assault on May 14, 2004. When prison officials failed to respond to his formal grievance, the plaintiff filed an appeal to the regional ombudsman on June 18, 2004. The plaintiff alleges that he received no response from the regional ombudsman. The plaintiff argues that he testified under oath as to these actions during the evidentiary hearing. The plaintiff also argues that he provided this information in a sworn affidavit filed on March 11, 2005, as well as in the verified statement submitted with his complaint.

As explained in the court's previous opinion, the plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense, which must be raised and pled by the defendants. <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005). As such, the court disagrees with the defendants' argument that the court should make credibility determinations and resolve other issues of fact related to the exhaustion requirement. To the contrary, a genuine issue of material fact with regard to whether a plaintiff has exhausted available administrative remedies, as with other affirmative defenses, must be resolved by the ultimate trier of fact.[2]

Having reviewed the plaintiff's affidavit and his verified statement, the court concludes that a genuine issue of material fact exists as to whether the plaintiff exhausted his administrative

---

[2] The court declines to adopt the position of the United States Court of Appeals for the Ninth Circuit on this issue. See <u>Wyatt v. Hubbard</u>, 315 F.3d 1108, 1119-1120 (9th Cir. 2003) (stating that "the court may look beyond the pleadings and decide disputed issues of fact" in ruling on a motion to dismiss for failure to exhaust).

3

remedies with regard to his excessive force claim. Contrary to the defendants' argument, the plaintiff has done more than make "bald assertions of having filled out a grievance form." The plaintiff has described the precise actions that he undertook to exhaust his administrative remedies, and he has provided the dates on which such actions were taken. The plaintiff's statements about his efforts to exhaust administrative remedies, provided under penalty of perjury, are sufficient to create a genuine issue of material fact, which may not be resolved at this stage of the proceedings.

For the reasons stated, the plaintiff's objection is sustained. The court will vacate the opinion and order entered on June 28, 2005, to the extent that the court granted the defendants' motion for summary judgment as to the plaintiff's excessive force claim. The court will give the parties the opportunity to file motions for summary judgment on the merits of the plaintiff's remaining claims before the case is set for trial.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This \_\_24th\_\_ day of October, 2005.

/s/ *signature*

United States District Judge

4