```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED
                                                         JAN 16 2007
                                                    JOHN F. CORCORAN, CLERK
                                                    BY:
                                                         /s/ DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:04CV00429 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Donell J. Blount, Sr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5. By order entered March 6, 2006, the court denied the defendants' motion for summary judgment and referred the case to United States Magistrate Judge Pamela Meade Sargent for appropriate proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge subsequently held an evidentiary hearing and issued a Report and Recommendation. By opinion and order entered December 18, 2006, the Report and Recommendation was adopted in part and rejected in part. Blount has now filed a motion for reconsideration, in which he raises three arguments. For the following reasons, the court will deny the motion.

Blount first argues that the court erred in finding in favor of Correctional Officers Fleming and Vanover with respect to his excessive force claim. Specifically, Blount contends that even if his injuries were only de minimis, he is entitled to relief because the force used against him was "of a sort repugnant to the conscience of mankind," Hudson v. McMillian, 503 U.S. 1, 8 (1992), and thus "expressly outside the de minimis force exception." Norman, 25 F.3d 1259, 1263 n.4 (4th Cir. 1994). However, while the United States Court of Appeals for the

Fourth Circuit has recognized that there may be "extraordinary circumstances" in which the use of force is unconstitutional regardless of injury, Id. at 1263 (emphasis added), the court is unable to conclude that such circumstances exist in the present case. Thus, Blount's first argument is without merit.

In his second argument, Blount challenges the court's recitation of Kyaun Bray's testimony at the evidentiary hearing. Blount contends that the court incorrectly "wrote that Kyaun Bray testified that Fleming and Vanover pushed Sutherland into Blount." A review of the evidentiary hearing transcript reveals that this argument is also without merit. During the hearing, Blount asked Bray the following question: "Now you say pushed through the door, was I pushed through the door or was I pushed up against someone standing in the door?" (4/7/06 Tr. at 193). In response, Bray testified as follows: "C.O. Sutherland, he was ... entering while you was exiting and they pushed him into you." (Tr. at 193) (emphasis added).

In his final argument, Blount challenges the court's decision to hold a hearing on the issue of whether he established a sincerely held belief in the precepts of the House of Yahweh, for purposes of his claims under the First Amendment and RLUIPA. Blount argues that the court's decision was in error, in light of the fact that the magistrate judge already held an evidentiary hearing and received an "abundance of evidence." This argument, however, is without merit. Pursuant to 28 U.S.C. § 636(b)(1), the court is required to conduct a de novo review of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1). In performing such review, the court is permitted to receive "further evidence" or argument. Id.; see also Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional

evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). Thus, in light of the objection filed by Duncan Mills, the court's decision to hold a supplemental hearing was not in error.

For the reasons stated, the court will deny the plaintiff's motion for reconsideration. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff.

ENTER: This 12th day of January, 2007.

_____
United States District Judge

3